APPEAL OF ANN HACKETT *et al.* FROM DECREE OF PROBATE COURT OF CITY OF WOONSOCKET.

JUNE 11, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Presumption of Death from Absence of Seven Years.*

Where one has been absent from his home and unheard of by his family for seven years, a presumption of death arises, warranting the granting of administration upon his estate. Following *In Re Truman,* 27 R. I. 209.

PROBATE APPEAL, on facts set out in opinion.

PER CURIAM. This is an appeal from the decree of the Probate Court of Woonsocket refusing to grant letters of administration on the estate of Thomas F. Hackett, alleged to

have deceased. The appeal was taken under the General Laws to the Appellate Division of the Supreme Court, and, coming on to be heard by a single justice, was reserved by him to be heard by the full court.

The evidence showed that Thomas F. Hackett left Woonsocket in 1879, leaving there deposits in a bank upon which he drew from time to time. He also corresponded with the treasurer of the bank in Woonsocket in regard to selling some real estate which he had inherited, and in March, 1886, executed a deed of the same in Carson City, Nevada, and the purchase money was forwarded to him there. On August 5, 1887, Hackett withdrew $50 from his bank account. None of his family or friends or any of the bank officials have heard anything from him since that time, and though his half-brother made efforts to locate him, such efforts were unavailing.

(1) The only question in the case is whether or not said Thomas F. Hackett is dead. The appeal was certified May 18, 1905, and on May 29, 1905, the opinion in *Re Truman*, 27 R. I. 209, was handed down, which held that one who has been absent from his home and unheard of by his family for seven years is presumed to be dead. That case is directly in point, and the question in the present case must be answered in the affirmative.

The cause is remitted to the Superior Court, with direction to enter a decree sustaining the appeal and reversing the decree of the Probate Court.

*John J. Heffernan and James H. Rickard, Jr.,* for appellants.

---

LULU BATTLE *vs.* MARGARET J. ROBINSON.

JUNE 14, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Negligence. Master and Servant. Unsafe Premises.*

Plaintiff, a domestic servant, in returning to the premises, about midnight, passed through an unfastened gate leading to a passageway which she had seen other servants use in entering the premises, but which she had never used before, of the danger of which she had not been warned, which she

supposed was safe and which was a more convenient way for her to use, fell into a depression and was injured:

*Held*, that it was negligence on the part of the defendant to leave the gate unfastened at night, without a light or giving warning of the danger, and that plaintiff was not guilty of contributory negligence.

PARKHURST, J.  On exceptions to the Superior Court for Newport county, taken to the granting of a nonsuit by the presiding justice.

The plaintiff, who was employed by the defendant as a domestic servant, in returning to the premises, about midnight, passed through an unfastened gate leading to a passageway running between the defendant's house and the fence bounding the estate on the west, and immediately fell into a depression about four feet deep, with steps on both sides, which furnished an entrance to the basement of the house. The depression extended from the building nearly to the fence, and lay directly in the path of a person entering the gate. By this fall the plaintiff was badly injured and disabled.

The evidence shows, further, that the plaintiff had seen other servants use this passage in entering and leaving the premises. Another passage to the rear of the premises led from a side street, and had been used by the plaintiff on other occasions. She had never used the passage in which the accident occurred, and had received no warning that the depression was there. So far as she knew, this passage was as safe as the other, and it was a shorter and more convenient way for her to get to her room than was the other way, which involved a walk around three sides of a rectangle of which the way she took was the fourth side.

(1)    We think that, in these circumstances, it was negligence on the part of the defendant to leave the gate unfastened at night without at least placing a light there or giving warning of the danger to the plaintiff. And we do not think that the plaintiff was guilty of contributory negligence in using a way which was more convenient than the other and to all appearance safe.

*Julius L. Mitchell and Frank F. Nolan,* for plaintiff.

*Gardner, Pirce and Thornley, Charles H. Koehne, Jr., and William W. Moss,* for defendant.